## THE CREEK NATION *v.* UNITED STATES.

No. 140. Argued January 3, 1938.—Decided January 17, 1938.

*Mr. W. W. Spalding,* with whom *Mr. Paul M. Niebell* was on the brief, for petitioner.

*Mr. N. A. Townsend,* with whom Solicitor General *Reed,* Assistant Attorney General *McFarland* and *Mr. Oscar A. Provost* were on the brief, for the United States.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

When this case was here before[1] petitioner was held entitled to recover compensation from the respondent for the taking of lands belonging to the petitioner constituting a portion of a larger tract granted to the Creek Nation in 1833. The boundary lines of petitioner's lands had been erroneously run in 1872 and, as a result, an area set apart for other Indian tribes included over five thousand acres belonging to the petitioner. Those tribes ceded their lands to the respondent upon an agreement that allotments should be made to their members in severalty. The Act of February 13, 1891,[2] which ratified this agreement, provided that any lands not so allotted should be opened to settlement and sold to settlers, the proceeds to be covered into the Treasury as public moneys. Pursuant to this statute lands which in truth belonged to petitioner were, due to the error in the survey of 1872, allotted and patented to Sac and Fox Indians and sold and patented to settlers in the period from 1893 to 1909. The patentees have since held adversely to petitioner. As was said in the former opinion, "The tribe contended for the value in 1926, when the suit was brought; while the Government stood for the value at the time of the appropriation, which it insisted was in 1873, when Darling's erroneous survey was approved by the Commissioner of the General Land Office, or, in the alternative, at the time the lands were disposed of under the act of 1891." It was held that the alternative contention was correct and, as the Court of Claims had awarded the petitioner judgment for the 1926 value, the cause was reversed and remanded. Upon a further hearing that court overruled the claim of petitioner that the dates of actual disposal were those as of which value

---

[1] *United States* v. *Creek Nation*, 295 U. S. 103.

[2] C. 165, 26 Stat. 749.

should be ascertained and valued the lands taken as of February 13, 1891, the date of the act pursuant to which the executive had caused them to be patented.

In the former opinion, after holding that the approval of the erroneous survey in 1873 did not constitute an appropriation of petitioner's lands, the court said: "But not so of the disposals under the act of 1891. They were intended from their inception to effect a change of ownership and were consummated by the issue of patents, the most accredited type of conveyance known to our law. True, they rested on an erroneous application of the act of 1891 to the Creek lands in the strip; but, as that application was confirmed by the United States, the matter stands as if the act had distinctly directed the disposals. It was through them that the lands were taken; so the compensation should be based on the value at that time, . . ."

The court below has misinterpreted that decision. The act of 1891 did not dispose of the lands. Its erroneous application and the consequent disposals of the lands to adverse holders constituted the taking by the United States. The petitioner is entitled to the present full equivalent of the value of the lands, without improvements, as of the date of the patents of the various parcels, if, as we assume, the patent in each instance issued promptly after the delivery of the final certificate; but if a substantial interval elapsed between the date of certificate and of patent, then as of the date of the certificate. A fair approximation or average of values may be adopted to avoid burdensome detailed computation of value as of the date of disposal of each separate tract.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.